UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerry T. Irwin, | Case No. 20-cv-1662 (PAM/LIB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| M.S.O.P., | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Jerry T. Irwin's Complaint, [Docket No. 1], as well as, his Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Jerry T. Irwin, a client of the Minnesota Sex Offender Program (hereinafter the "MSOP"), alleges that the MSOP rules give officials of that facility an unfair advantage in federal litigation. (Compl. [Docket No. 1]). Plaintiff alleges that the MSOP requires that outgoing mail, including legal mail,[1] be reviewed before being sent. (Id.). According to Plaintiff, this policy provides MSOP officials with a few extra days in which to prepare a response to complaints and motions when compared with a hypothetical alternative policy in which all outgoing mail were sealed. (See, Id.).

Plaintiff did not pay the filing fee for this litigation; instead, he applied for in forma pauperis ("IFP") status. (IFP Appl. [Docket No. 2]). This IFP application must be reviewed before any other action is taken in this matter.

---

[1] Plaintiff appears to define legal mail as mail regarding legal matters which is not directed at the Court itself, such as a copy of a motion mailed to the Attorney General's Office. (Id. at 5). Plaintiff acknowledges that mail directed to the Court is not reviewed. (Id.).

After review, this Court concludes that Plaintiff qualifies financially for IFP status. That being said, however, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Pro se complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). While the Court is required to construe the content within Plaintiff's pleadings liberally as he is proceeding pro se, Plaintiff is nevertheless bound by applicable procedural and substantive law. Id.; Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

The crux of Plaintiff's Complaint is that the MSOP policy regarding outgoing mail amounts to a violation of his constitutional right to equal protection. (See, Compl., [Docket No. 1], at 1). Plaintiff has named as this action's only Defendant the MSOP, an agency of the State of Minnesota. (Id.).

Claims of constitutional violations by state actors, however, cannot be brought under § 1983 directly against the state or an agency of a state. See, e.g., Murphy v. State of Arkansas,

2

127 F.3d 750, 754 (8th Cir. 1997). Instead, a plaintiff must name the specific person or persons responsible for the alleged constitutional violations. See, Id.

If this were the only problem with Plaintiff's pleading, this Court might afford him an opportunity to amend the Complaint to name a more appropriate defendant before dismissal was recommended. However, Plaintiff's Complaint is fatally flawed for at least one additional reason which warrant a recommendation of dismissal. Even if Plaintiff were to name a proper defendant, Plaintiff's Complaint would still fail to allege a claim upon which relief can be granted.

"The Equal Protection Clause requires the government treat all similarly situated people alike." Creason v. City of Washington, 435 F.3d 820, 823 (8th Cir. 2006) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). "To state an equal protection claim, [a plaintiff] must have established that he was treated differently from others similarly situated to him." Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998); see, Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008).

"Dissimilar treatment of dissimilarly situated persons does not violate equal protection." Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994) (citing Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 21 F.3d 237, 242 (8th Cir. 1994)). "Absent a threshold showing that [he] is similarly situated to those who allegedly received favorable treatment, the plaintiff does not have a viable equal protection claim." Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994). Accordingly, "the first step in" evaluating "an equal protection [claim] is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]." Id.

If a plaintiff does not to allege sufficient facts to demonstrate he is a member of a similarly situated group who received disparate treatment, his Equal Protection claim fails, and the Court

need not address the remainder of the merits of such a claim. See, Id. "The similarly situated inquiry focuses on whether the plaintiff[ is] similarly situated to another" person or "group for purposes of the challenged government action." Id. (citing More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993), cert. denied, 510 U.S. 819 (1993)).

Even accepting as true all the factual allegations in Plaintiff's Complaint and drawing all reasonable inferences thereon, Plaintiff's Complain fails to allege an equal protection violation. Plaintiff fails to allege that he has been treated differently than any other MSOP client by MSOP officials, or that the review of outgoing mail, in and of itself, amounts to a violation of his constitutional rights. Nor does Plaintiff allege that MSOP policy hinders the ability of clients to prepare legal documents. Instead, Plaintiff claims that MSOP policy (in effect) allows for MSOP officials to prepare their responses too well, since those officials may get a preview of the arguments that the MSOP client intends to put forward in the hypothetical document.

But nothing in the law supports the idea that litigants are constitutionally entitled to equal time in which to prepare responses to filings; indeed, this District's own Local Rules afford moving and non-moving parties differing amounts of time in which to respond. See, e.g., D. Minn. Local Rule 7.1(c).[2] Nor do litigants have a constitutional entitlement to substandard opposing arguments. Briefing deadlines are not intended to act as traps for harried litigants or attorneys, any of which may ask the Court for additional time in which to respond should they find themselves unable to prepare an adequate response within the normal deadlines.

---

[2] Plaintiff's present Complaint is unclear regarding whether his claim relates only to new pleadings or all legal documents that require a response. (See, Compl., [Docket No. 1], at ¶¶ 3-5, 9). With respect to pleadings, though, his Complaint is self-refuting; Plaintiff acknowledges that mail directed to the federal courthouse is not reviewed by MSOP officials, and federal plaintiffs need not (and usually do not) serve a complaint before filing said complaint with the Court. See, Fed. R. Civ. P. 4.

Moreover, the injury alleged in the complaint resulting from the putative constitutional violation is entirely speculative. The Complaint lacks an factual allegation upon which this Court could reasonably infer that there is any reason to believe that the MSOP officials who review outgoing mail provide that information to the individuals actually responsible for preparing a response to legal documents.

Plaintiff's equal protection claim is simply not viable. Moreover, the pleading does not appear to be salvageable through amendment. Because any proposed amendment to the Complaint would be futile, it is recommended that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The recommendation of dismissal renders moot Plaintiff's IFP Application. [Docket No. 2]. Therefore, Plaintiff's IFP Application, [Docket No. 2], is **DENIED as moot**.

Further, Plaintiff's Motion for appointment of counsel, [Docket No. 4], is **DENIED as moot**. Plaintiff has neither a constitutional nor statutory entitlement to appointment, see, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986), and for the reasons discussed above regarding the fatal flaws of Plaintiff's Complaint, the appointment of counsel in this matter is overwhelmingly unlikely to be of any help to either Plaintiff or the Court.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**: This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Jerry T. Irwin's application to proceed in forma pauperis, [Docket No. 2], is **DENIED as moot**; and

2. Plaintiff's Motion for appointment of counsel, [Docket No. 4], is **DENIED**.

Dated: December 1, 2020

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).